# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARIE RILEY-MOORE<br>1117 Marlyn Road<br>Philadelphia, PA 19151<br><br>          Plaintiff,<br><br>v.<br><br>NEW AVON, LLC<br>601 Lexington Avenue<br>New York, NY 10022<br><br>          Defendant. | CIVIL ACTION NO. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT – CIVIL ACTION

Plaintiff, Marie Riley-Moore ("Plaintiff"), by and through her undersigned counsel, for her Complaint against New Avon, LLC. ("Defendant"), alleges as follows:

### INTRODUCTION

1. Plaintiff brings this action to redress violations by Defendant of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.*, and the Family and Medical Leave Act 29 U.S.C. § 2601, *et seq.* ("FMLA").

### PARTIES

2. Plaintiff, Marie Riley-Moore, is an adult American citizen who currently maintains a residence at 1117 Marlyn Road, Philadelphia PA 19151.

3. Defendant, New Avon, LLC, is a company operating and existing under the laws of the Commonwealth of Pennsylvania, as it operates in the Commonwealth with a business address of 601 Lexington Avenue, New York NY 10022.

4. At all times relevant hereto, Defendant acted or failed to act through its agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendant.

## JURISDICTION AND VENUE

5. Paragraphs 1 through 4 are hereby incorporated by reference as though the same were more fully set forth at length herein.

6. This action is authorized and instituted pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.,* and the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.*

7. On or about July 28, 2017, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission, thereby satisfying the requirements of 42 U.S.C. §§ 2000e5(b) and (e). Plaintiff's EEOC Charge was docketed as EEOC Charge Number 530-2017-03423. Plaintiff's EEOC Charge was filed within one hundred and eighty (180) days of the unlawful employment practice.

8. By correspondence dated October 4, 2017, Plaintiff received a Notice of Right to Sue from the EEOC regarding her Charge, advising her that she had ninety (90) days to file suit against the Defendant.

9. Plaintiff has therefore exhausted her administrative remedies and has complied with all conditions precedent to maintaining this action.

10. This Court has original jurisdiction over Plaintiff's ADA claim and FMLA claim, pursuant to 28 U.S.C. §§ 1331 and 1343, as it is a civil rights action arising under the laws of the United States.

11. This Court had pendant jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367, as those claims arise from the same nucleus of operative fact as her federal claims.

12. The venue in this district is proper pursuant to 28 U.S.C. § 1391, inasmuch as Defendant resides in this district and conducts business therein, and the events giving rise to this action occurred in this district.

## FACTUAL BACKGROUND

13. Paragraphs 1 through 12 are hereby incorporated by reference as though the same were more fully set forth at length herein.

14. Defendant is in the business of making and selling various make-up and skincare products worldwide, including within the Commonwealth of Pennsylvania.

15. Defendant initially hired Plaintiff on or around April 15, 2015, as a District Sales Manager. She was hired to meet sales goals, help increase the number of Defendant's Sales Representatives, and recruit and train said Sales Representatives, among other tasks.

16. Throughout Plaintiff's employment, she performed her job well, receiving praise for her work, including multiple awards.

17. Additionally, Plaintiff did not receive any significant discipline, nor did she receive a negative performance review. Indeed, the last performance review Plaintiff had prior to her unlawful termination was in or around 2015. Moreover, she was informally told just prior to her leave that she was performing her job satisfactorily.

18. On or around August 2, 2016, Plaintiff was approved for and began medical leave under the Family and Medical Leave Act ("FMLA"). Her leave was necessitated, and requested by her doctor, to seek treatment for Anxiety Disorder, a health condition that substantially impairs her ability to engage in daily living activities, including work. Plaintiff returned to work from leave, as scheduled, on or around November 13, 2016.

19. Just prior to and after Plaintiff's FMLA leave, she endured several derogatory comments from other employees of Defendant. For example, just prior to her leave, Joan Thomas ("Ms. Thomas"), a Divisional Sales Manager for Defendant and her direct supervisor, stated that she needed to "make [my]self look like something," indicating that she should dress up and look "nice" despite her attire being clean and professional at all times.

20. Further, after her return from FMLA leave, Irene Dundston ("Ms. Dundston"), a Registered Nurse for Defendant, made multiple comments, suggesting Plaintiff had exaggerated her need for FMLA leave for her Anxiety Disorder.

21. Plaintiff communicated complaints to Misty Lewis ("Ms. Lewis") of Defendant's Human Resources Department regarding, among other concerns, her differential treatment on the basis of her disability. However, her concerns were never addressed.

22. Between Plaintiff's return from FMLA leave and her wrongful termination, she performed her job well, keeping her sales numbers above average, despite her leave.

23. Indeed, during Plaintiff's leave, she was informed that she was thirty-one (31) out of five- to six-hundred (500-600) other District Sales Managers in her Region based on her performance and sales numbers. As a result of her ranking, she was in the running to win a trip from Defendant for her excellent work. During the same time, she was also the recipient of an iWatch from Defendant for her excellent performance and sales numbers.

24. On or about January 31, 2017, Ms. Thomas terminated Plaintiff's employment with Defendant for alleged "performance issues." Indeed, in the phone conference wherein Ms. Thomas terminated Plaintiff, she referenced her "performance review," stating that according to said review, she was not performing up to Defendant's standards. This comment was made despite the fact that she had not received a performance review since 2015 and had recently received two (2) awards for her performance.

25. Furthermore, Ms. Thomas seemingly counted the time that Plaintiff was on FMLA leave in determining that her numbers were allegedly not up to Defendant's standards, which is not only discriminatory but is directly contradicted by the awards and recognition Plaintiff received throughout her leave.

26. Plaintiff therefore alleges that Defendant discriminated against her on the basis of her disability and terminated her employment because of her disability and in retaliation for complaining about her differential treatment in relation thereto in violation of the ADA and PHRA.

27. Additionally, it is believed and therefore averred that Defendant terminated Plaintiff because Plaintiff exercised her rights under the FMLA to take leave for her own serious health conditions.

28. As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, promotion benefits, earnings and earnings potential, loss of potential benefits, and other economic damages, and has also suffered mental anguish, emotional pain and suffering, emotional distress, humiliation, and damage to reputation.

## COUNT I
## THE AMERICANS WITH DISABILITIES ACT

## 42 U.S.C § 12101, *ET SEQ.*
## DISCRIMINATION AND RETALIATION

29. Paragraphs 1 through 28 are hereby incorporated by reference as though the same were more fully set forth at length herein.

30. At all times relevant hereto, Plaintiff was an employee within the meaning of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*

31. Pursuant to the ADA, Plaintiff is a qualified individual with one or more disabilities.

32. Plaintiff's disability substantially limits her ability to engage in major life activities.

33. Defendant was aware of Plaintiff's disabilities and/or regarded Plaintiff as being disabled.

34. Despite her disability, Plaintiff would have been able to perform the essential functions of her job with or without a reasonable accommodation.

35. By reasons of the foregoing, Defendant, through its agents, officers, servants, and/or employees, has violated the ADA by failing to engage in the interactive process of determining reasonable accommodations for Plaintiff, and by terminating Plaintiff's employment because of her actual and/or perceived disability and request for reasonable accommodations in connection thereto.

36. As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, earnings, raises, other significant economic benefits, emotional pain and suffering, emotional distress and humiliation.

WHEREFORE, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B. Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C. Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this action;

D. Pre-judgment interest in an appropriate amount; and

E. Such other and further relief as is just and equitable under the circumstances;

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

## COUNT II
## THE PENNSYLVANIA HUMAN RELATIONS ACT
## 43 P.S. § 951, *ET SEQ.*
## DISCRIMINATION AND RETALIATION

37. Paragraphs 1 through 36 are hereby incorporated by reference, as though the same were more fully set forth at length herein.

38. Plaintiff is a qualified individual with a disability within the meaning of the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.*, due to her disability because this condition substantially limits her ability to perform major life activities.

39. Plaintiff was/is able to perform the essential functions of her job with or without a reasonable accommodation.

40. It is believed and therefore averred that Defendant terminated Plaintiff's employment on the basis of her actual and/or perceived disabilities and in retaliation for her requests for a reasonable accommodation.

41. As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, earnings, raises, other significant economic benefits, emotional pain and suffering, emotional distress and humiliation.

42. The conduct described above constitutes a violation of the Pennsylvania Human Relations Act, 43 P.S. § 955, *et seq.*, and affords Plaintiff the opportunity to seek any and all remedies available under said Act.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B. Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C. Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

D. Pre-judgment interest in an appropriate amount; and

E. Such other and further relief as is just and equitable under the circumstances;

F.   Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

## COUNT III
## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT
## RETALIATION

43.   Paragraphs 1 through 42 are hereby incorporated by reference, as though the same were more fully set forth at length herein.

44.   Defendant employed at least fifty (50) employees at its location within the applicable seventy-five (75) mile radius for each working day in each of (20) or more calendar days in the current or preceding year.

45.   Plaintiff was an eligible employee under the FMLA and entitled to twelve (12) weeks of unpaid leave for her own serious health condition.

46.   Plaintiff provided adequate notice to Defendant of her need for a medical leave by giving notice as soon as she became aware of the need for leave and as soon as was practicable, pursuant to 29 U.S.C. § 2612(e).

47.   Defendant willfully violated the FMLA by terminating Plaintiff's employment in retaliation for her use of FMLA leave.

48.   The aforementioned actions of Defendant constitute retaliation under the FMLA.

49.   As a result of Defendant's actions, Plaintiff has suffered significant damages.

50.   Plaintiff has, because of Defendant's wrongful termination of Plaintiff's employment, been unable to obtain other employment, has suffered significant wage losses and loss of potential of raises and/or bonuses.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

(1) Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

(2) Monetary compensation for the amounts expended by Plaintiff on health insurance premiums;

(3) Liquidated damages;

(4) Plaintiff's cost, disbursements and attorney's fees incurred in prosecuting this action;

(5) Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law;

(6) Pre-judgment interest in an appropriate amount; and

(7) Such other and further relief as is just and equitable under the circumstances.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

MURPHY LAW GROUP, LLC

By: _____
Michael Murphy, Esq.
Murphy Law Group, LLC
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
murphy@phillyemploymentlawyer.com
*Attorney for Plaintiff*

Dated: November 29, 2017

## DEMAND TO PRESERVE EVIDENCE

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to her potential claims and her claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.